UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DWAYNE WILSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS
and/or SERGEANTS JOHN SMITH 1, JOHN SMITH
2, JOHN SMITH 3, JOHN SMITH 4, JOHN SMITH 5
and JOHN SMITH  6, Intending to be the police
officers/sergeants who engaged in the stopping,
questioning, following, arresting, excessive force,
imprisoning, and malicious prosecution of Plaintiff
WILSON; and/or who supervised the stopping,
questioning, following, arresting, excessive force,
imprisoning, and malicious prosecution of the plaintiff,
WILSON and who failed to intercede on the behalf of
Plaintiff WILSON, and protect him from the unjustified
and unconstitutional treatment he received at the hands
of the defendants.

Defendants.

------------------------------------------------------------------X

**CA No.:   15 CV 7368**

**<u>AMENDED COMPLAINT</u>**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff  DWAYNE  WILSON,  by  and  through  his  attorney,  **STEFANO  A.
FILIPPAZZO, P.C.**, as and for his Amended Complaint, complaining of the Defendants herein,
respectfully shows the Court and alleges:

<u>**PRELIMINARY STATEMENT**</u>

1.     This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation
of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United
States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the
Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and
punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and
further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

3.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.      The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.      Venue herein is proper for the United States District Court for the Southern district of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about March 20, 2014.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff DWAYNE WILSON at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Bronx.

8.      Defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

9.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein authorized to maintain a New York City Police Department, which acts as its agent in the area of law enforcement related to arrests and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Police Department of the City of New York.

10.     Defendant Police Officers JOHN SMITH NUMBER 1 ("SMITH 1"), JOHN SMITH NUMBER 2 ("SMITH 2"), JOHN SMITH NUMBER 3 ("SMITH 3"), JOHN SMITH NUMBER 4 ("SMITH 4"), JOHN SMITH NUMBER 5 ("SMITH 5") and JOHN SMITH NUMBER 6 ("SMITH 6"), are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 are sued individually.

## STATEMENT OF FACTS

11.    On July 13, 2013, in front of 450 E. 105th Street, New York, NY, in public view, defendants SMITHS 1 through 6 abused their authority in approaching, stopping and questioning the plaintiff DWAYNE WILSON (hereinafter "Plaintiff WILSON"), without justification or cause.  On July 13, 2013, at the corner of 105th Street and 1st Avenue, New York, NY, more specifically, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY, defendants SMITHS 1 through 6, abused their authority in using excessive force, handcuffing, arresting and verbally abusing the plaintiff WILSON, without justification or cause. On July 13, 2013, the defendants SMITHS 1 through 6, imprisoned, maliciously prosecuted, and physically and emotionally injured Plaintiff WILSON without justification or cause, in New York County, New York.  More particularly, on July 13, 2013, the defendants SMITHS 1 through 6, abused their authority in approaching and asking the plaintiff, WILSON, to get out of a cab in public view, in front of 450 E. 105th Street, New York, NY, without justification or cause; abused their authority in following the plaintiff, WILSON, to the bodega on the corner of 105th Street and 1st Avenue, New York, NY, with an address of 2033 1st Avenue, NY, NY, without justification or cause; abused their authority by using excessive force in slapping a cup of coffee out of the hand of plaintiff WILSON, in public view, on the corner of 105th Street and 1st Avenue, New York, NY, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification or cause; abused their authority by using excessive force in slamming and pushing the plaintiff, WILSON, to the ground, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY without justification or cause causing him to fall flat on his stomach and face and sustain injury to his face, nose, head, and neck; abused their authority in being verbally abusive to the plaintiff,

WILSON, without justification or cause, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY; abused their authority in putting handcuffs on the plaintiff, WILSON, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY without justification or cause; abused their authority in putting handcuffs on the plaintiff, WILSON, behind his back in a forceful and hurtful manner, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification or cause; abused their authority in arresting the plaintiff WILSON, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification and cause; abused their authority in forcefully throwing the plaintiff, WILSON, into a patrol car in handcuffs, in public view, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification or cause; abused their authority in forcefully bringing the plaintiff, WILSON to the Police Service Area 5 ("PSA 5), located at 123rd Street and 3rd Avenue, New York, NY, between 2nd and 3rd Avenues, and forcefully dragging him out of the patrol car; all of which caused him physical pain, suffering and injuries; emotional, mental and physical pain, suffering, anguish and injuries; embarrassment, extreme humiliation, ridicule, anxiety, distress, nightmares; caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment; loss of reputation; loss of dignity and loss of quality of life. On October 30, 2013, Judge J. Quinones, of the Criminal Court of the City of New York, County of the New York, dismissed all charges against Plaintiff, Wilson.

**FEDERAL CLAIMS**

## COUNT ONE

(U.S.C. §1983 Deprivation of Rights)

12.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13.    By their conduct and actions in stopping, questioning, following, arresting, imprisoning, failing to intercede on the behalf of Plaintiff WILSON, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, emotional distress and injury, emotional and mental anguish, nightmares, anxiety and nervousness, loss of reputation, loss of dignity, caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, costs, and expenses, and was otherwise damaged and injured.

## COUNT TWO

(*Monell* Claim)

15.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16.     At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 had *de facto* policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

17.     At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18.     As a result of the foregoing, Plaintiff WILSON was deprived of his liberty, suffered physical pain, suffering and injury; great humiliation, ridicule, embarrassment, emotional distress and injury, emotional and mental anguish, nightmares, anxiety and nervousness, loss of reputation, loss of dignity; caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, costs, and expenses, and was otherwise damaged and injured.

## COUNTS THREE AND FOUR

### (Excessive Force)

19.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20.     By their actions, in physically using excessive force against Plaintiff WILSON,

defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 used excessive

force.  More particularly, on July 13, 2013, the defendants SMITH 1 and SMITH 2, on the corner

of 105th Street and 1st Avenue, New York, NY, in public view, on the corner of 105th Street and

1st Avenue, in front of or near a bodega with an address of 2033 1st Avenue, NY, NY abused

their authority by using excessive force in slapping a cup of coffee out of the hand of plaintiff

WILSON, in public view, without justification or cause; abused their authority by using

excessive force in slamming and pushing the plaintiff, WILSON, to the ground, in public view,

on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an address of 2033

1st Avenue, NY, NY, without justification or cause; abused their authority in putting handcuffs

on the plaintiff, WILSON, in public view, on the corner of 105th Street and 1st Avenue, in front

of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification or cause;

abused their authority in putting handcuffs on the plaintiff, WILSON, behind his back in a

forceful and hurtful manner, in public view, on the corner of 105th Street and 1st Avenue, in front

of or near a bodega with an address of 2033 1st Avenue, NY, NY; abused their authority in

arresting the plaintiff WILSON, in public view, on the corner of 105th Street and 1st Avenue, in

front of or near a bodega with an address of 2033 1st Avenue, NY, NY, without justification and

cause; abused their authority in forcefully throwing the plaintiff, WILSON, into the patrol car in

handcuffs, on the corner of 105th Street and 1st Avenue, in front of or near a bodega with an

address of 2033 1st Avenue, NY, NY, without justification or cause; all of the above causing him

physical pain, suffering, and injury; emotional, mental and physical anguish, ridicule, extreme

humiliation, nightmares; anxiety; depression; caused to be escorted out of his place of

employment at Newark Airport due to his failing security clearance because of the open case

against him; caused to suffer from loss of employment; loss of reputation; loss of dignity loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

21.     As a result of the foregoing, Plaintiff WILSON suffered physical injury, pain and suffering; great humiliation, ridicule, embarrassment, emotional, mental and physical anguish, embarrassment,   anxiety, emotional and physical distress, nightmares; anxiety; depression; caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment; loss of reputation; loss of dignity, loss of  quality of life, costs, and expenses, and was otherwise damaged and injured.

## I.  STATE LAW CLAIMS

### COUNT FIVE

(Negligent Infliction of Emotional Harm)

22.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23.     By their actions in negligently investigating plaintiff WILSON, the defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 negligently inflicted emotional harm upon the Plaintiff WILSON.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24.     As a result of the foregoing, Plaintiff WILSON suffered great humiliation, embarrassment, ridicule, emotional, mental and physical anguish, emotional and physical distress, nightmares, anxiety, depression, caused to be escorted out of his place of employment at

Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, loss of reputation, loss of dignity, loss of  quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT SIX

(Malicious Prosecution)

25.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26.     By their actions in initiating the prosecution of Plaintiff WILSON with malice, and without sufficient probable cause, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 maliciously prosecuted the Plaintiff.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff DWAYNE WILSON and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27.     As a result of the foregoing, Plaintiff WILSON was deprived of his liberty, suffered great humiliation, emotional, mental and physical anguish, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT SEVEN

### (Trespass)

28.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29.     The defendants unlawfully committed a trespass to plaintiff WILSON's property and residence, with malice, and without sufficient probable cause or other legal privilege or justification.

30.     By their actions in committing a trespass to plaintiff's property, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31.     As a result of the foregoing, Plaintiff WILSON suffered great humiliation, emotional, mental and physical anguish, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, caused to be escorted out of his place of employment at Newark Airport due to his failing security clearances because of the open case against him; caused to suffer from loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT EIGHT

### (False Arrest and Imprisonment)

32.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33.    The defendants unlawfully and falsely arrested and imprisoned plaintiff WILSON by unlawfully engaging in the physical arrest, detainment and confinement of plaintiff WILSON, which he was aware of and harmed by, without his consent, and without probable cause or other legal privilege or justification.

34.    By their actions in unlawfully and falsely arresting and imprisoning the plaintiff WILSON, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.    As a result of the foregoing, Plaintiff WILSON suffered great humiliation, emotional, mental and physical anguish, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

## COUNT NINE

### (Negligence)

36.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37.    By their actions in negligently investigating, improperly and carelessly initiating and precipitating a police confrontation with plaintiff WILSON and in improperly engaging in and conducting a physical detention with the plaintiff WILSON while he was lawfully at the aforementioned location, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH 6 negligently inflicted physical and emotional harm upon the Plaintiff WILSON. The

defendants' actions were unwarranted under all the circumstances and in violation of the restriction and commonly accepted practices of the New York City Police Department. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38.    By their actions in improperly, carelessly and recklessly using physical force in connection with the physical detention and arrest of plaintiff WILSON, by inter alia: using excessive force, wrongful force, and improperly applied force under the circumstances Defendants SMITH 1; SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH negligently inflicted physical and emotional harm upon the Plaintiff WILSON.

39.    By their actions through the improper use of such excessive force; in using unwarranted force against plaintiff WILSON in violation of the guidelines of the NYC Police Department, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH negligently inflicted traumatic injuries, physical and emotional harm upon the plaintiff, WILSON.  In failing to exercise due care in the confrontation, physical arrest, custodial restraint on plaintiff WILSON so as to preserve his life, Defendants SMITH 1, SMITH 2, SMITH 3, SMITH 4, SMITH 5 and SMITH, negligently inflicted traumatic injuries, physical and emotional harm upon the Plaintiff WILSON.

40.    The defendants, THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT were further careless, negligent and reckless in failing to enforce necessary rules, regulations and procedures governing the conduct of police in the use of force during arrest and in the protection of the health and well-being of a person placed in custodial restraint – as it

applies to plaintiff WILSON; in its failure to use reasonable care in the employment, training and supervision of its police officers and in the protection of the health and well-being of a person placed in custodial restraint; in failing to monitor the skill and level of performance of its personnel in said procedures, including those present at the scene in question so as to determination whether they are/were competent to do their job without danger of harm to others; in failing to appreciate a pattern of conduct of the officers at the scene and others at the scene (before the incident complained of) which would have led a reasonably prudent person to investigate and uncover that such officers were not trained and have confrontational, dangerous and vicious propensities making them ill-suited for the position they were in; in failing to timely and reasonably correct such dispositions or otherwise remove said officers from the force; in allowing, causing and permitting this situation to occur by negligently assigning a patrol supervisor to monitor and control the actions of the members of the patrol that evening who were inexperienced, inadequately trained and ill-suited to the supervisory role assigned; in failing to enforce the requirement that its police officers intervene in a situation when, as here, the force used by an arresting officer was improper and excessive.

41.     As a result of the foregoing, Plaintiff WILSON suffered physical pain, suffering and injury; great humiliation, emotional, mental and physical anguish, embarrassment, ridicule, emotional and physical distress, nightmares, anxiety, depression, caused to be escorted out of his place of employment at Newark Airport due to his failing security clearance because of the open case against him; caused to suffer from loss of employment, loss of reputation, loss of dignity, loss of quality of life, costs, and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff DWAYNE WILSON demands the following relief jointly and severally against all of the Defendants:

a.      Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b.      Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c.      Costs and attorney's fees.

d.      Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       February 17, 2016

Respectfully submitted,
**STEFANO FILIPPAZZO, P.C.**
Counsel for the Plaintiffs

*/s/ Stefano A. Filippazzo, Esq.*

By: STEFANO A. FILIPPAZZO, ESQ.
16 Court Street, 28th Floor
Brooklyn, New York 11241
P: 718.855.1350