USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 9 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dwayne Wilson,

          Plaintiff,

–v–

The City of New York,

          Defendant.

15-cv 7368 (AJN)
15-cv-7369 (AJN)

ORDER ADOPTING REPORT AND RECOMMENDATION

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff Dwayne Wilson's objections to Magistrate Judge Parker's April 4, 2017 Report and Recommendation recommending that the Court deny Plaintiff's motion to amend. For the following reasons, the Court denies the objections and adopts the findings and recommendation contained in the Report and Recommendation.

## I. Background

The relevant facts are accurately outlined in Judge Parker's Report & Recommendation. Briefly, Plaintiff has brought two actions challenging two separate arrests by New York City Police Department ("NYPD") officers as unconstitutional. The first arrest occurred on July 13, 2013, and the second arrest occurred on October 9, 2013. Dkt No. 1 (15-cv-7368); Dkt No. 1 (15-cv-7369).[1] Plaintiff's two complaints against the City and the arresting officers were filed on September 17, 2015. *Id.* Both complaints identify the arresting officers only as "John Smith" officers.[2] *Id.*

---

[1] Unless otherwise noted, citations to the docket reference Case Number 15-cv-7368.
[2] As Judge Parker noted, Plaintiff did not follow the convention of using "John Doe" for unidentified parties and instead used the phrase "John Smith." R&R at 2 n.1 (Dkt No. 87). For continuity purposes, the Court will also refer to the unnamed officers with the "John Smith" misnomer.

1

The statute of limitations recently ran on Plaintiff's claims. Specifically, the statute of limitations ran on July 13, 2016 for Plaintiff's July 13, 2013 arrest and on October 9, 2016 for Plaintiff's October 9, 2013 arrest. *See* R&R at 5-6 (Dkt No. 87); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (noting that Section 1983 actions in New York are subject to a three-year statute of limitations). On November 18, 2016, after the statute of limitations expired, Plaintiff indicated to the undersigned in an initial pretrial conference that he intended to move to amend his complaints to replace the "John Smith" defendants with the actual names of the officers involved. Dkt No. 74 at 7. Plaintiff initially filed his motion to amend on December 19, 2016, although it was later rejected due to a docketing error. Dkt Nos. 51, 56. The Court subsequently referred the motion to Magistrate Judge Parker. Dkt No. 76.

On April 4, 2017, Magistrate Judge Parker issued a Report & Recommendation recommending that Plaintiff's motion to amend be denied. Dkt No. 87. Judge Parker started by explaining that Federal Rule of Civil Procedure 15(c)(1)(A) permits amendment to assert an otherwise untimely claim when "the law that provides the applicable statute of limitations allows relation back." R&R at 7. Here, Plaintiff contends that New York Civil Practice Law and Rules ("CPLR") § 1024 permits his amendment. Motion to Amend at 4-5 (Dkt No. 58). Judge Parker noted that, in order to avail himself of § 1024, Plaintiff needed to show that he (1) exercised due diligence to identify the "John Smith" defendants by name before the expiration of the statute of limitations, and (2) described the "John Smith" defendants in a way that fairly apprised the actual parties that they were the intended defendants. R&R at 7-8 (citing *Hogan*, 738 F.3d at 518-19).

Judge Parker concluded that Plaintiff failed to satisfy the first prong, the requirement of due diligence. R&R at 12. In reaching this conclusion, Judge Parker noted that Second Circuit precedent has identified a number of different methods a plaintiff in a Section 1983 lawsuit

brought against New York City police officers may attempt to identify his arresting officers. These methods include, *inter alia*, serving a Freedom of Information Law request, attempting pre-action discovery pursuant to CPLR § 3102(c) (which permits discovery to ascertain the identities of prospective defendants), writing to the NYPD asking for the names of the arresting officers, examining the court filings in the underlying criminal cases, filing a demand for identification pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), and memorializing in writing a verbal request to New York City's corporate counsel for the officers' names. R&R at 8-9 (citing *Hogan*, 738 F.3d at 512, 519). Judge Parker explained that "Plaintiff did not engage in any of the[se] identification tactics." R&R at 10. In fact, the only evidence of Plaintiff's effort to ascertain the names of the "John Smith" defendants is a representation from Plaintiff's counsel that counsel verbally requested the names of the officers during a February 12, 2016 call with the City, a representation that Defendant disputes. R&R at 3 n.2, 10. According to Judge Parker, "Plaintiff then waited passively until June 2016, when Plaintiff received the names of some, but not all 'John Smith' Defendants in Defendants' Initial Disclosures." R&R at 11. Despite receiving the names of some of the "John Smith" officers over a month before the first statute of limitations expired, Plaintiff still did not move to amend until five or six months later. R&R at 12.[3] Judge Parker concluded that "Plaintiff's actions pale in comparison to the type of conduct that courts routinely require even *pro* se parties to take to show their diligence." *Id.* at 11 (collecting cases). Having concluded that Plaintiff failed to satisfy the first requirement of § 1024, Judge Parker declined "to address whether Plaintiff could satisfy the second requirement for invoking CPLR § 1024," *i.e.*, whether the Plaintiff identified the intended defendants with

---

[3] As discussed more thoroughly below, Plaintiff objects to Judge Parker's conclusion that "Plaintiff's counsel waited . . . until December 2016," *see* R&R 12, to move to amend. Objection ¶ 9 (Dkt No. 90). Plaintiff concedes that the earliest he can be deemed to have moved to amend was November 18, 2016, which was still five months after he received the name of some of the defendants. Objection ¶ 8.

sufficient particularity. *Id.* at 12. Judge Parker suggested in a footnote, however, that Plaintiff likely did satisfy this requirement. *Id.* at 12 n.8. Judge Parker then ended by briefly rejecting any argument that that CPLR §§ 306-b and 203 provided an avenue for Plaintiff to amend his complaint. R&R at 13-15.

On April 13, 2017, Plaintiff filed objections to Judge Parker's Report & Recommendation. Dkt No. 90.

## II. Standard of Review

After reviewing a magistrate judge's report and recommendation, "a district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Gomez v. City of New York*, No. 13-CV-1822 (VSB), 2016 WL 3093982, at *2 (S.D.N.Y. May 31, 2016) (quoting 28 U.S.C. § 636(b)(1)). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The opposing party has the same amount of time to respond. *Id.* The district must engage in *de novo* review of any part of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Unobjected-to portions of a report and recommendation are reviewed only for clear error. *Gomez*, 2016 WL 3093982, at *2; *Anderson v. City of Mount Vernon*, No. 09 Civ. 7082(ER)(PED), 2014 WL 1877092, at *1 (S.D.N.Y. Mar. 28, 2014); Wolff v. Town of Mount Pleasant, No. 06–CV–3864 (CS)(LMS), 2009 WL 1468620, at *1 (S.D.N.Y. May 29, 2009); Fed. R. Civ. P. 72 advisory committee's note (b).

## III. Discussion

Plaintiff raises a number of objections to Judge Parker's Report & Recommendation. As explained below, the Court denies Plaintiff's objections, largely because they are immaterial to

4

Judge Parker's conclusions.

### A. The Adequacy of the Description of the "John Smith" Officers is Irrelevant

Several of Plaintiff's objections surround his purportedly adequate description of the unnamed "John Doe" officers. For example, Plaintiff objects to Judge Parker's "characterization of the way in which plaintiff described some of the 'John Smith' Defendants in its Amended Complaint re: 15-cv-07369." Objection ¶ 2. In her Report & Recommendation, Judge Parker states that "in the March 15 Complaint filed in 15-cv-07369, Plaintiff also provided a very limited physical description of some of the 'John Smith' Defendants." R&R at 3. According to Plaintiff, his description of the "John Smith" defendants was not "very limited," but rather "[c]learly . . . provides enough information for the individuals to know that they are the intended defendants in this action." Objection ¶ 2. Similarly, Plaintiff objects to the fact that "[Judge] Parker is silent with respect to plaintiff's descriptions of the 'John Smith' Defendants in its Amended Complaint of the [other] 15-cv-7368 action." Objections ¶ 3. Additionally, Plaintiff objects that Judge Parker "did not take into account the Plaintiff's Notices of Claims," which Plaintiff contends adequately describe the "John Smith" police officers such that those officers "should have known that they were the intended Defendants." Objections ¶ 10.

There are multiple problems with these objections. First, some of these objections are simply factually inaccurate. For example, Plaintiff contends that Judge Parker's characterization of the 15-cv-07369 complaint's physical description of some of the unnamed officers as "very limited" is inaccurate. Objection ¶ 2. But in that same paragraph, Plaintiff admits that the most detailed physical description he provides in the relevant complaint is describing one defendant "as an African-American black female in her 40's" and another "as a male." *Id.* The Court cannot say that Judge Parker erred in describing these allegations, one of which identifies a

5

defendant solely by his sex, as "a very limited physical description" of the defendants. R&R at 3.

Second, and more importantly, Plaintiff's objections miss the point because ultimately, the question of whether the Plaintiff adequately described the officers was irrelevant to Judge Parker's decision to deny the motion to amend. As mentioned previously, to avail himself of CPLR § 1024's relation-back provision, a plaintiff "must meet two requirements." *Hogan*, 738 F.3d at 519. He must both (1) "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant[s] by name," and (2) "describe the John Doe part[ies] in such form as will fairly apprise the part[ies] that [they are] the intended defendant[s]." *Id.* (alteration, citations, and quotation marks omitted). Here, Plaintiff's objections all relate to the second prong, whether Plaintiff adequately described the "John Smith" or "John Doe" defendants. *See, e.g.*, Objection ¶ 2 ("Clearly, the description of the defendants . . . provides enough information for the individuals to know that they are the intended defendants in this action."); *id.* ¶ 10 ("[Judge] Parker did not take into account the Plaintiff's Notices of Claims when considering whether the individual police officers should have known that they were the intended Defendants."). But Judge Parker grounded her reasoning entirely on the first prong of § 1024's requirements, *i.e.*, whether Plaintiff exercised due diligence. She concluded that "Plaintiff's efforts fall far short of the due diligence required to satisfy CPLR § 1024" and "[h]ence, it is *unnecessary* to address whether Plaintiff could satisfy the second requirement for invoking CPLR § 1024." R&R at 12 (emphasis added). In fact, Judge Parker intimated in a footnote that she might likely agree with Plaintiff that his descriptions of the "John Smith" defendants were sufficient to put the officers on notice. *See* R&R at 12 n.8. In other words, even if the Court were to accept as true Plaintiff's objections related to the descriptions of the

6

defendants, this would not alter or affect Judge Parker's reasoning or conclusion in the Report & Recommendation. The Court therefore denies the objections in paragraphs 2, 3, and 10 as immaterial to the outcome of the Report & Recommendation.

### B. Judge Parker's Statement Regarding the Number of Amendments Is Immaterial

Plaintiff also objects to Judge Parker's description of the number of times he amended his complaint. In her Report & Recommendation, Judge Parker wrote that "Plaintiff subsequently amended his Complaints . . . on September 18, 2015, September 25, 2015, February 18, 2016, March 1, 2016, March 11, 2016, and again on March 14, 2016 in 15-cv-07368 and on March 15, 2016 in 15-cv-07369." R&R at 2-3. Plaintiff objects that this sentence "implies that the Plaintiff was filing different versions of amended complaints when, in fact, plaintiff was just responding to the deficiencies in the way that the plaintiff filed its complaint as they were rejected by the Court." Objections ¶ 1.

Plaintiff's objection makes a fair point. While Judge Parker is correct that Plaintiff has filed a number of complaints in this action, most of the multiple filings were due to repeated docketing errors by the Plaintiff rather than substantive attempts to amend the complaint. *See* Dkt Nos. 1, 2, 6, 8, 17, 20, 22, 26, 51. Throughout this action, Plaintiff has struggled to comply with this Court's rules and protocols governing the filing of documents on the public docket. *See id.*

The Court, however, denies Plaintiff's objection because it is immaterial to Judge Parker's analysis and recommendation. Judge Parker did not deny Plaintiff's motion to amend on the ground that he previously had many opportunities to amend his complaints. Rather, she denied Plaintiff's motion because he failed to exercise diligence in attempting to discover the names the "John Smith" officers. Even if the Court struck the sentence to which Plaintiff

7

objects, it would not alter Judge Parker's outcome or reasoning. Plaintiff's objection is simply irrelevant.

### C. Plaintiff's "Focus on Settlement" Does Not Excuse His Untimeliness

Next, Plaintiff objects to Judge Parker's "characterization that Plaintiff had ample time to amend its Complaint." Objections ¶ 4. Plaintiff acknowledges that Judge Parker correctly noted that the City of New York supplied the name of some of the police officers involved in the two challenged arrests in the City's June 10, 2016 disclosures. Objections ¶ 5 n.1. The statute of limitations for Plaintiff's first arrest expired approximately one month later, on July 13, 2016. Judge Parker faulted Plaintiff for failing to move to amend during this one month period, but Plaintiff responds that "merely 1 month before the statute of limitations expired on [*sic*] the July 13, 2013 action" was not enough time for Plaintiff "to request a motion Conference before the Court to request permission to amend its complaint." Objections ¶¶ 4-5.

The Court denies this objection. Plaintiff does not explain why he needed more than a month to file a motion to amend the complaint, or at the very least, notify the Court of his intention to file an amended complaint. *See id.* Furthermore, Plaintiff waited far longer than a month to seek permission to amend his complaint; the earliest it can be said that Plaintiff moved to amend was November 18, 2016. Dkt No. 74 at 7.

Plaintiff asserts that he should not have been expected to file a motion to amend during this one month period because, during this timeframe, Plaintiff was "focused on settling this matter." Objections ¶¶ 6-7. But courts in this Circuit have repeatedly rejected the argument that attempts at settlement excuse a party's failure to comply with applicable deadlines or statute of limitations periods. *See In re Enron Corp.*, 419 F.3d 115, 125 (2d Cir. 2005) (holding that the fact that counsel "was distracted by extensive negotiations" with the opposing party did not

8

constitute excusable neglect); *Hooper v. Berryhill*, No. 15-CV-6646 (JLC), 2017 WL 927843, at *4 (S.D.N.Y. Mar. 8, 2017) ("[S]ettlement discussions are not the sort of extraordinary circumstance that would trigger the application of equitable tolling." (citation and quotation marks omitted)); *Poindexter v. Warner/Chappell Music Inc.*, No. 06 Civ. 3403(LTS)(DCF), 2009 WL 302064, at *5 (S.D.N.Y. Feb. 9, 2009) ("[S]ettlement discussions are not the sort of extraordinary circumstance that justify Plaintiff's failure to bring the instant action in a timely manner."). There is no reason that Plaintiff could not simultaneous pursue settlement while also acting diligently to amend his complaint within the applicable statute of limitations deadline.

### D. Any Error in Judge Parker's Identification of When Plaintiff Moved to Amend is Immaterial

Plaintiff additionally objects "to Judge Parker's characterization" that Plaintiff moved to amend "[o]n December 19, 2016." Objections ¶ 9. Specifically, Plaintiff contends that his counsel "requested permission to amend the complaints to substitute the actual names of the individuals involved in Plaintiff's arrests for the 'John Smith' Defendants" during the initial pretrial conference in this case, which took place on November 18, 2016. *Id.*

Judge Parker correctly identified December 19, 2016 as the date on which Plaintiff filed his motion to amend. R&R at 12; Dkt No. 51. The Court, however, agrees with Plaintiff that November 18, 2016 is when Plaintiff first expressed his desire to amend. Specifically, at the November 18, 2016 initial pretrial conference in this matter, Plaintiff's counsel did alert the undersigned to Plaintiff's intention to amend the complaint to add the names of the "John Smith" officers. Dkt No. 74 at 7. Because the Defendants objected on statute of limitations and other grounds, the Court set a briefing schedule for the motion to amend. *Id.* at 8, 13-14.

The Court nonetheless denies the objection because, once again, Plaintiff's objection is immaterial to Judge Parker's recommendation. As mentioned previously, the statute of

9

limitations for Plaintiff's claims ran on July 13, 2016 (for the first arrest) and October 9, 2016 (for the second arrest). Both of these dates are *before* November 18, 2016, the date Plaintiff concedes is the first time he indicated to the Court he wished to amend his complaint. Judge Parker found that Plaintiff was derelict well before the statute of limitations ran, including by failing to move to amend soon after receiving the June 10, 2016 initial disclosures, and the Court finds no error in that conclusion. R&R at 10-12. Even if this Court considered November 18, 2016 as the date Plaintiff first requested permission to amend (although this is not the date Plaintiff actually filed his motion), the Court would nonetheless agree with Judge Parker's conclusion that Plaintiff did not exercise due diligence in investigating the officers and moving to amend well before this date.

### E. Judge Parker's Recommendation Does Not Violate the "Spirit" of the Amendment Rules

Additionally, Plaintiff objects that Judge Parker's Report & Recommendation violates "the spirit" of the principle that leave to amend should be freely given. Objections ¶ 11. But the principle that leave to amend should be freely given applies only when the plaintiff has diligently pursued a timely and proper claim. *See Girau v. Europower, Inc.*, 317 F.R.D. 414, 419 (S.D.N.Y. 2016) ("Whether leave to amend is given freely or for good cause, if the statute of limitations has run on the claims asserted in the pleading, then an amendment that changes the party or the naming of the party against whom a claim is asserted must be found to relate back to the date of the original pleading in order to be timely." (alteration, citations, and quotation marks omitted)). Additionally, the Second Circuit has held that "undue delay" can constitute a proper reason to deny leave to amend. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). Here, Plaintiff has provided no persuasive explanation for the long delay in seeking to amend after discovering the names of at least some of the "John Smith" defendants in June 2016, and

10

therefore denial of the motion to amend would have been proper even absent a statute of limitations problem.

### F.  Plaintiff Fails to Adequately Preserve His Other Objections

Plaintiff concludes his objections with the statement that "[s]o as not to waste judicial economy, plaintiff respectfully refers this Court to its Motion papers regarding its arguments concerning the relation-back theory and the fact that it was clear from as early on as plaintiff's notice of claim . . . who the intended defendants were." Objections ¶ 12. Beyond this general statement, there are no objections directly challenging Judge Parker's reasoning that Plaintiff failed to exercise the due diligence required to take advantage of CPLR § 1024's relation-back provision.

This perfunctory statement is insufficient to trigger *de novo* review by the Court. A district court reviews *de novo* only those parts of the magistrate judge's disposition that have "been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). To make a "proper" objection, a party just make "*specific* written objections." Fed. R. Civ. P. 72(b)(2) (emphasis added). As the Second Circuit has repeatedly reiterated, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. 2016) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also O'Garro v. Ercole*, No. 06 Civ. 3887(DLC), 2007 WL 401194, at *2 (S.D.N.Y. Feb. 5, 2007) ("An objection which merely refers to previously filed papers or arguments or which is devoid of any reference to specific findings or recommendations and unsupported by legal authority does not require *de novo* review." (citation and quotation marks omitted)).

The Court will therefore review the rest of Judge Parker's Report & Recommendation for clear error. *Gomez*, 2016 WL 3093982, at *2. Having found no clear error, the Court accepts Judge Parker's Report and Recommendation and denies Plaintiff's motion to amend his complaint.

## IV. Conclusion

For the aforementioned reasons, the Court denies Plaintiff's objections and adopts Judge Parker's Report & Recommendation. Plaintiff's motion to amend is denied.

This resolves Docket Numbers 56 and 90 in 15-cv-7368 and Docket Numbers 52 and 79 15-cv-7369.

SO ORDERED.

Dated: June 19, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge